MDP/mh
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
RICHARD WRIGHT,                                  **ECF CASE**

                        Plaintiff,       **<u>VERIFIED ANSWER</u>**

  -against-                                     **07-CV-1756**

                                        **Judge Gerard E. Lynch**
GEMINI AIR CARGO, INC., and
JASON S. PERSUN,                                 **Defendants Demand:**
                                        **Trial By Jury**
                          Defendant.
----------------------------------X

     Defendant, GEMINI AIR CARGO, INC., by its attorneys, DOWNING & PECK, P.C., answering the verified complaint herein, respectfully sets forth and alleges as follows:

### <u>AS AND FOR A FIRST CAUSE OF ACTION</u>:

1. Denies each and every allegation contained in paragraphs 1, 2, 4, 11, 12, 13, 26, 27, 28, 29, 30, and 33 of said complaint.

2. Deny knowledge and information sufficient to form a belief a to each and every allegation contained in paragraph 3, 6, 31 and 32 of said complaint, and refer all questions of law to the Court.

3. Denies knowledge and information sufficient to form a belief as to each and every allegation contained in paragraphs 5, 7, 8, 9, 10, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, and 25 of said Complaint.

4. Upon information and belief, denies each and every allegation contained in paragraph 21 of said Complaint.

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

5. Plaintiff was negligent and his damages, if any, must be reduced accordingly.

### **AD AND FOR A SECOND AFFIRMATIVE DEFENSE**

6. The liability of GEMINI AIR CARGO, INC., is limited pursuant to Article 16 of the CPLR.

### **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

7. Plaintiff's damages, if any, must be reduced in accordance with CPLR 4545.

### **AS AND FOR A FOURTH CAUSE OF ACTION**

8. The plaintiffs' damages, if any, must be reduced in accordance with their failure to mitigate damages.

### **AS AND FOR A FIFTH CAUSE OF ACTION**

9. Plaintiff has sustained no serious injury.

### **AS AND FOR A SIXTH CAUSE OF ACTION**

10. Plaintiff failed to name a necessary party.

### **AS AND FOR A SEVENTH CAUSE OF ACTION**

11. No jurisdiction due to incomplete/improper service of process.

### **AS AND FOR AN EIGHT CAUSE OF ACTION**

12. The within action is barred and/or limited by a bankruptcy offer.

Dated:   New York, New York
         March 6, 2007

```
                                    DOWNING & PECK, P.C.


                              By:   _____/s/_____
                                    MARGUERITE D. PECK - 3627
                                    Attorneys for Defendants
                                    GEMINI AIR CARGO, INC.
                                    5 Hanover Square - 20th Floor
                                    New York, New York 10007
                                    212-514-9190

TO:   Mark J. Decicco, Esq.
      Bornstein & Emanuel, P.C.
      Attorneys for Plaintiff
      200 Garden City Plaza, Suite 201
      Garden City, New York 11530
      516-227-3777
```

**VERIFICATION**

STATE OF NEW YORK    )
COUNTY OF NEW YORK   )   ss.:

    I, the undersigned, an attorney duly admitted to practice in the courts of New York State, state that I am MARGUERITE D. PECK, the attorney of record for defendant, GEMINI AIR CARGO, INC., in the within action; I have read the foregoing ANSWER and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true.  The reason this verification is made by me and not by said defendants is because said defendants are not presently in the County of New York wherein I maintain my office.

    The grounds for my belief as to all matters not stated upon my own knowledge are as follows:  Investigations, reports, etc.

Dated:    New York, New York
          March 6, 2007

                                                    /s/
                                    MARGUERITE D. PECK - 3627

Case 1:07-cv-01756-GEL    Document 5    Filed 03/28/2007    Page 5 of 5